UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-60403-KMM

ABS-CBN CORPORATION, et al.,

    Plaintiffs,

vs.

ANGPROBINSYANO1.COM, *et al.*,

    Defendants.

_____/

## ORDER GRANTING *EX PARTE* MOTION FOR ALTERNATE SERVICE

THIS CAUSE came before the Court upon Plaintiffs *Ex Parte* Motion for Order Authorizing Alternate Service of Process.[1] (ECF No. 16). Plaintiffs contend that alternate service is appropriate here where Defendants have concealed their physical locations and operate through the Internet. *Id.* For the following reasons, Plaintiffs' Motion is GRANTED.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), a district court may direct service at a place not within any judicial district of the United States by "other means not prohibited in international agreement." *See Chanel, Inc. v. Zhixian,* No. 10-cv-60585, WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010) (quoting Fed. R. Civ. P. 4(f)(3)). Thus service under Rule 4(f)(3) is appropriate when alternate service is (1) not prohibited by international agreement; and (2) directed by the court. *See id.* Here, where Defendants' physical addresses are unknown, alternate service is not prohibited by international agreement. *See id.* ("Article 1 of the Hague Service Convention provides that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.'") Additionally, in this case, alternate

---

[1] Plaintiffs' motion excludes Defendant No. 18 (pinoyteleseryetambayan.com) and Defendant No. (33) pinoytambayantvs.com, who Plaintiffs plan to serve traditionally.

service via e-mail comports with constitutional due process, which requires only that service of process provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Indeed, in light of Plaintiffs' sworn declarations, the Court is satisfied that electronic service is reasonably calculated under these circumstances to notify Defendants of this action. *See id.*

For the foregoing reasons and UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion is GRANTED. Plaintiffs shall serve the Summons, Complaint, and all future filings upon Defendants electronically via (1) the e-mail accounts provided by Defendants as as part of the domain registration records for each of their respective domain names, including service via registrar, (2) the e-mail accounts provided by Defendants directly on the Internet websites operating under each of their respective corresponding domain names, including customer service e-mail addresses, and onsite contact forms, and/or (3) the e-mail accounts contained in the data provided in connection with Plaintiffs' subpoena as permitted by the Order Granting Plaintiffs' *Ex Parte* Motion to Take Expedited Discovery (ECF No. 11); and (2) via publication by posting a copy of the Complaint and Summonses on the Internet website appearing at the URL http://servingnotice.com/BG4NJS0/index.html.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of July, 2018.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:   All counsel of record